THE PEOPLE, RESPONDENT, v. LAPORTE, APPELLANT.

APPEAL from the District Court of Guayama.

No. 520.—Decided January 24, 1913.

CRIMINAL LAW—INSTRUCTIONS TO JURY.—This court cannot consider the instructions of the court to the jury when they are not duly certified by the trial judge.

ID.—INSTRUCTIONS TO JURY—BILL OF EXCEPTIONS—STATEMENT OF CASE.—The transcript of the record not containing a bill of exceptions or a statement of the case and the instructions of the court to the jury not being duly certified, this court has no means of determining whether the evidence was sufficient to sustain the verdict of the jury.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

The appellant did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a case of perjury committed on the trial of a criminal case by a witness for the defence. The prosecution originated in the District Court of Guayama, where an information was filed by the district attorney charging the accused, who is the appellant herein, with the crime of perjury, alleged to have been committed on October 26, 1910, in a criminal case that was being tried before a jury on the said date in the District Court of Guayama, of the judicial district of the same name, in which one Pedro Desús was charged with attempt to commit murder, the said Julia Laporte having, after being duly sworn in open court before the secretary thereof—a duly authorized officer—falsely, illegally and voluntarily, in violation of her said oath and in a fraudulent endeavor to favor the said Pedro Desús, testified to the following statements, which were of an essential bearing on the case, alleging them to be true and exact, to wit: That on September 17, 1910, Federico Vázquez went to the house of Dolores Rivera, alias Sanabria, the witness being there present at the time, with the object of compelling her to en-

gage in carnal intercourse with him, and that during the
struggle Pedro Desús arrived; that the witness had not sent
for Federico Vázquez and had no business to transact with
him; that Federico Vázquez flung himself on Pedro Desús
with the intention of wounding him and that the latter called
upon him to keep back; that Desús fired the first shot in the
air; that as soon as Vázquez saw Desús he attacked him with
the blade of a sabre at a moment when Desús had his arms
raised, the witness being fully aware of the falsity of her
declarations, which were material to the issue of the case,
the real facts of the case being that Julia Laporte was in
company with Dolores Rivera and Federico Vázquez, she
having sent for the latter on the night of September 17,
1910, when Pedro Desús appeared at the door and fired at
Vázquez, who had his back to the street; that immediately
thereafter the witness fled by the back door and heard two
more shots fired, all of which appears from a statement made
under oath by the said Julia Laporte on September 18, 1910,
before the district attorney, Salvador Mestre, who was duly
empowered to take oaths, during an investigation made by
the said officer.

On March 30, 1911, the accused, Julia Laporte, appeared
before the court and pleaded not guilty. She asked and re-
ceived a trial by jury, which, on April 21, 1911, brought in a
verdict of guilty. The court having overruled a motion for
a new trial, the said Julia Laporte was, on April 25, 1911, sen-
tenced to the penitentiary for one year at hard labor, with a
deduction of the time served while awaiting trial.

On April 27, 1911, the accused, by her counsel, C. Domín-
guez Rubio, Esq., filed an appeal to this court, in support of
which, however, she has neither appeared, filed a brief nor
presented any statement of the case, statement of facts, nor
bill of exceptions.

On searching the record we find therein the following
papers: The information; the instructions to the jury by
the trial judge, Harry P. Leake, Esq.; a motion of the ac-

cused asking for a new trial, and an appeal from the judgment and from the order of the court dismissing such motion for a new trial.

The defense based the motion for a new trial on section 303, paragraph 6, of the Code of Criminal Procedure; that is to say, on the ground that the verdict of the jury was contrary to the law and to the evidence. It is argued that the verdict of the jury is contrary to law because the court failed to instruct the jury on certain legal points; but we find that the instructions, appearing in the record as emanating from the judge to the jury, are not properly authenticated by the signature of the judge, for which reason they should not and cannot be considered. (See opinion of this court in the case of *The People* v. *Coll,* 18 P. R. R., 355.) Continuing, it is argued that the verdict of the jury is contrary to the evidence, because certain alleged facts were accepted as true without having been proved to be so, and the court failed to instruct the jury that under the law they were presumed to be true; but, as no bill of exceptions nor statement of facts nor statement of the case accompanied the record, and as, under such circumstances, we are unable to consider the instructions as given to the jury by the court, we cannot take into consideration the question as to whether or not the evidence adduced was sufficient to support the verdict of the jury.

An examination of the record fails to disclose that on the trial the court below committed any fundamental error; and therefore the judgment appealed from should be in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.